# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# PLANO DIVISION

| | |
|---|---|
| La'Shadion Shemwell, § <br> As Council Member, and § <br> In his individual capacity as a voter of § <br> District 1, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> City of McKinney, Texas, § <br> § <br> Defendant. § | Civil Action No. 4:20-cv-00043-SDJ |

## DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS
## FOR FAILURE TO STATE A CLAIM, AND BRIEF IN SUPPORT

/s/ Kent S. Hofmeister
**Kent S. Hofmeister**
State Bar No. 09791700
khofmeister@bhlaw.net
**Robert F. Brown**
State Bar No. 03164725
rbrown@bhlaw.net

**BROWN & HOFMEISTER, L.L.P.**
740 East Campbell Road, Suite 800
Richardson, Texas 75081
(214) 747-6100 (Telephone)
(214) 747-6111 (Telecopier)

*Attorneys for Defendant*
*City of McKinney, Texas*

February 17, 2020

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................................... ii

I. GROUNDS FOR MOTION ................................................................................................1

II. PROCEDURAL BACKGROUND .....................................................................................2

III. PLAINTIFF'S COMPLAINT ..............................................................................................3

IV. ARGUMENT AND AUTHORITIES .................................................................................5

 A. Rule 12(b)(6) motion: The appropriate legal standard ............................................5

 B. Plaintiff's case under § 2 of the Voting Rights Act fails under *Gingles* ...............6

 C. § 2 of the Voting Rights Act does not apply in recall election cases.……………. 9

 D. Plaintiff cannot plead or prove a claim for injunctive relief under
 the Voting Rights Act based on Fifth Circuit precedent ........................................10

 E. Plaintiff should not be permitted to amend or replead his Complaint ...................11

V. REQUEST FOR RELIEF ..................................................................................................12

CERTIFICATE OF SERVICE .....................................................................................................12

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................................................................................... 5, 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................................... 5, 6

*Chisom v. Roemer*, 501 U.S. 391 (1991) ......................................................................................... 9

*Delgado v. Smith*, 861 F.2d 1489 (11th Cir. 1988) ......................................................................... 9

*Harding v. County of Dallas, Texas*, -- F.3d --, 2020 WL 254827 (E.D. Tex. Jan. 17, 2020) 6, 7, 8

*In re Katrina Canal Breaches Litig.*, 495 F.3d 191 (5th Cir. 2007) ................................................ 5

*Janvey v. Alguire*, 647 F.3d 585 (5th Cir. 2011) .......................................................................... 10

*Lopez v. Abbott*, 339 F.Supp.3d 589 (S.D. Tex. 2018) ............................................................ 7, 8, 9

*Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464 (5th Cir. 2004) ................. 5

*McBride v. City of Jasper,* 2011 WL 13249480 (E.D. Tex. Oct. 20, 2011) ........................ 9, 10, 11

*Montero v. Meyer*, 861 F.2d 603 (10th Cir. 1988) .......................................................................... 9

*Padilla v. Lever*, 463 F.3d 1046 (9th Cir. 2006) ............................................................................. 9

*Smith v. Winter*, 717 F.2d 191 (5th Cir.1983) ......................................................................... 10, 11

*Spivey v. Robertson*, 197 F.3d 772 (5th Cir. 1999) ........................................................................ 5

*Thornburgh v. Gingles*, 478 U.S. 30 (1986) ......................................................................... passim

*United States v. Brown*, 561 F.3d 420 (5th Cir. 2009) ................................................................... 9

*Uno v. City of Holyoke*, 72 F.3d 973 (1st Cir. 1995) ..................................................................... 7

**Statutes**

42 U.S.C. §1973 ..................................................................................................................... passim

Fed.R.Civ.P. 12 .............................................................................................................................. 1, 5

ii

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
PLANO DIVISION

| | |
|---|---|
| La'Shadion Shemwell, §<br>As Council Member, and §<br>In his individual capacity as a voter of §<br>District 1, §<br>　§<br>　　　　Plaintiff, §<br>　§ Civil Action No. 4:20-cv-00043-SDJ<br>v. §<br>　§<br>City of McKinney, Texas, §<br>　§<br>　　　　Defendant. § | |

**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM, AND BRIEF IN SUPPORT**

Defendant City of McKinney, Texas ("Defendant" or "City"), pursuant to Federal Rule of Civil Procedure 12(b)(6), files this motion to dismiss Plaintiff's Original Verified Petition and Application for Temporary Restraining Order and Injunctive Relief ("Complaint") for failure to state a claim upon which relief can be granted. In support of this motion, Defendant respectfully shows the Court as follows:

**I.     GROUNDS FOR MOTION**

Plaintiff Shemwell has brought a single federal claim against Defendant for the alleged violation of § 2 of the Voting Rights Act of 1965, as amended, pursuant to 42 U.S.C. §1973. Defendant asserts that Plaintiff's Complaint fails to state a claim upon which relief can be granted because it does not plead a cause of action under the two-step *Gingles* analysis, if applicable: three threshold factors that, if met, require satisfying the "totality of the circumstances" test. In addition, three circuit courts of appeals have held that § 2 of the Act does not apply to voter-initiated petitions, and one federal district court in Texas, acting on a case with a similar fact situation,

found that the plaintiffs' claims failed because the issue in the Fifth Circuit is, at best, unsettled. Accordingly, Plaintiff's claims against Defendant should be dismissed.

## II.     PROCEDURAL BACKGROUND

Plaintiff's Complaint was filed on January 20, 2020. ECF Doc. No. 1. On January 21, 2020, the Court held a hearing on Plaintiff's motion for a temporary restraining order ("<u>TRO</u>"). ECF Doc. No. 3. At the hearing, Plaintiff voluntarily withdrew his motion for a TRO and the case was set for a preliminary injunction hearing on February 4, 2020. ECF Doc. No. 3.

At Plaintiff's request, a telephone status conference was set for January 23, 2020. ECF Doc. Nos. 6, 7. During the conference, Plaintiff requested that the hearing on the preliminary injunction be vacated and that an expedited hearing on Plaintiff's motion for a permanent injunction be set. The Court granted Plaintiff's motion, and set the permanent injunction hearing for March 30-31, 2020. ECF Doc. No. 12.

Following the telephone conference, the Court entered its January 23, 2020 Order Governing Proceedings, which set certain expedited deadlines for the parties, one of which was to complete and exchange initial mandatory disclosures by January 31, 2020. ECF Doc. No. 8. On February 3, 2020, the Court issued its Scheduling Order, which set a deadline of February 5, 2020, previously agreed to by the parties, for Plaintiff to file any amended pleadings. ECF Doc. No. 12.

As of the date the City filed this Motion to Dismiss, Plaintiff has not amended his Complaint. *See* ECD, *passim*. Defendant timely served Plaintiff with its initial mandatory disclosures, ECF Doc. No. 13; however, Plaintiff has not served any disclosures on Defendant. *See* ECD, *passim*. Consequently, Plaintiff's Complaint is the live "complaint" before this Court for purposes of this Motion to Dismiss, and Plaintiff, at this time, has produced no evidence and has identified no witnesses other than what appears within the four corners of his Complaint.

### III.   PLAINTIFF'S COMPLAINT

Plaintiff's Complaint makes the following claims:

1.  Plaintiff is a member of the McKinney City Council who resides in and represents District 1 of the City of McKinney ("District 1"). Pl.'s Compl., ECD Doc No. 1, ¶¶ 1; II, 7.[1] He is a registered voter of District 1, *id.*, and a resident of Collin County, Texas. Pl.'s Compl., ECD Doc. No. 1, ¶ 15. Plaintiff was "duly and democratically elected by [District 1] to the City Council in 2017 for a term of four years." *Id.*

2.  According to the most recent U.S. Census Bureau statistics, "77% of McKinney residents are white, 11% are black, 6% are Asian, and 18% are of Hispanic or Latino origin." Pl.'s Compl., ECD Doc. No. 1, ¶ 15.

3.  At the time of Plaintiff's election, District 1 was "the only minority-majority district in McKinney." Pl.'s Compl., ECD Doc. No. 1, Verification. District 1 has "the highest number of minorities in McKinney." Pl.'s Compl., ECD Doc. No.1, ¶ II., 7.

4.  The City of McKinney currently has seven City Council members; four represent single-member districts, and the Mayor and two Council members are elected city-wide, or at-large. Pl.'s Compl., ECD Doc. No. 1, ¶ 5. The current make-up of today's Council is six white males and one African-American male; no women currently serve on this Council. *Id.*

5.  In May 2019, Defendant placed the following language on the ballot to be voted on by the citizens of McKinney:

> *Proposition F:* Shall Section 145 of the City Charter be amended to provide for a reduction in the required petition signatures needed to initiate a recall election?
>
>   Proposed language: "Sec. 145. – Recall petitions

---

[1] Plaintiff's Complaint at page 2 twice contains a paragraph No. 7 and a paragraph No. 8; the cite in this instance refers to "II. Parties," No. 7.

**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM,
AND BRIEF IN SUPPORT - Page 3**

> The recall petition to be effective must be returned and filed with the City Secretary within forty-five (45) days after the filing of the affidavit required for initiative and referendum petitions, and it must be signed by qualified voters residing in any district, irrespective of the seat subject of the recall petition, of the City equal in number to at least thirty (30) percent of the total number of votes cast at the last regular municipal election; provided, however, that the petition shall contain the signatures of at least one thousand (1,000) of the qualified voters of the City and shall conform to the provisions of initiative and referendum petitions. No petition papers shall be accepted as part of petition unless it bears the signature of the City Secretary as required in initiative and referendum petitions."
>
> ***Proposition G:*** Shall Section 146 of the City Charter be amended to clarify that recall elections are city wide?
>
> Proposed language: "Sec. 146. – Recall election
>
> The City Secretary shall at once examine the recall petition and, if the City Secretary finds it sufficient and in compliance with the provisions of this Chapter of the Charter, the City Secretary shall within five (5) days or at the next regular City Council meeting, whichever is later, submit it to the City Council with its office's certificate to that effect and notify the officer sought to be recalled of such action.
> **If the officer whose removal is sought does not resign within five (5) days after such notice, the City Council shall thereupon order and fix a date for holding a citywide recall election according to State**

Pl.'s Compl., ECD Doc No. 1, ¶ 15 (emphasis in original) (sic).

6.    The proposed Charter amendment(s) was approved by the voters in the May 2019 election. Pl.'s Compl., ECD Doc No. 1, ¶ 6.

7.    Plaintiff's Complaint, filed on January 20, 2020, asserts that "on January 21st, 2020, the McKinney City Council will vote to set a date of May 3, 2020 for a 'recall election' based on a petition to remove Plaintiff from his position on the City Council," Pl.'s Compl., ECD Doc. No. 1, ¶ 2; however, Plaintiff has not amended his pleading to allege what action, if any, the McKinney City Council took on January 21, 2020, and, the existing Complaint, of course, does not allege what action, if any, the Council took the day after the Complaint was filed. *See* Pl.'s Compl., *passim*.

8. The "'recall election' is to be held city-wide (or 'at large') and shall encompass the entirety of the City of McKinney, not just District 1, which elected Mr. Shemwell to his position in the city council." Pl.'s Compl., ECD Doc. No.1, ¶ 3.

9. Plaintiff brings this action under § 2 of the Voting Rights Act, 42 U.S.C. 1973 (and as amended in 1982), Pl.'s Compl., ECD Doc. No.1, ¶ 9, alleging that the two 2019 City Charter amendments are facially unconstitutional and as applied because, by allowing voters city-wide to vote in the District 1 recall election, it impermissibly dilutes the minority vote. Pl.'s Compl., ECD Doc. No.1, ¶¶ 14, 15, 17- 20.

### IV.   ARGUMENT AND AUTHORITIES

#### A.   Rule 12(b)(6) motion: The appropriate legal standard

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The court should "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557).

When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id*. at 679 (internal quotation marks and alterations omitted). As will be shown herein, Plaintiff's Complaint should be dismissed because Plaintiff has failed to plead a plausible claim against Defendant under § 2 of the Voting Rights Act.

### B.     **Plaintiff's case under § 2 of the Voting Rights Act fails under *Gingles***

Section 2 of the Voting Rights Act of 1965, as amended, provides as follows:

> No voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State or political subdivision in a manner which results in a denial or abridgement of the right … to vote on account of race or color.

42 U.S.C. § 1973(a). "The essence of a § 2 claim is that a certain electoral law, practice, or structure interacts with social and historical conditions to cause an inequality in the opportunities enjoyed by black and white voters to elect their preferred representatives." *Thornburgh v. Gingles*, 478 U.S. 30, 47 (1986); *see also Harding v. County of Dallas, Texas*, -- F.3d --, 2020 WL 254827, at *3 (E.D. Tex. Jan. 17, 2020). *Gingles* is the most recent U.S. Supreme Court case cited by Plaintiff in his Complaint that addresses § 2 of the Act and on which he apparently relies. Pl.'s Compl., ECD Doc. No. 1, ¶ 15.

The plaintiffs in *Gingles* were a group of African-American citizens of North Carolina who challenged a legislatively enacted redistricting plan. The Court there articulated a two-step test establishing a § 2 vote dilution claim:

> At the first step, the plaintiff must satisfy three threshold conditions: A "minority group" must be "sufficiently large and geographically compact to constitute a

> majority in a single member district"; the minority group must be "politically cohesive"; and the majority group must vote as a bloc such that it can usually … defeat the minority's preferred candidate." "Failure to establish any one of these threshold requirements is fatal" [….]
>
> After meeting the three prongs of *Gingles*, a plaintiff must establish that the "totality of the circumstances" supports a finding of vote dilution. This entails a functional analysis that is "peculiarly dependent upon the facts of each case and requires an intensely local appraisal of the design and impact of the contested electoral mechanisms."

*Harding*, 2020 WL 254827, at *3-4 (citations omitted); *see also Gingles*, 478 U.S. 50-51; *Lopez v. Abbott*, 339 F.Supp.3d 589, 601-03 (S.D. Tex. 2018). Proof of all three threshold conditions "creates an inference that members of the minority are in fact harmed by the challenged electoral practice, procedure, or structure." *Id.* at 601-02, citing *Uno v. City of Holyoke*, 72 F.3d 973, 979 (1st Cir. 1995). The inference, however, is rebuttable, and the *Gingles* "totality of the circumstances" test is "the means by which the inference of vote dilution may be rebutted or cemented." *Lopez*, 339 F.Supp.3d at 602.

Assuming *arguendo* the applicability of *Gingles* to this recall election challenge, Plaintiff's case nevertheless falters at the outset because he has failed to plead, and therefore cannot prove, any of the requisite threshold conditions; therefore, his Complaint fails to state a plausible claim upon which relief can be granted, warranting dismissal of his case.

Under the first of the three *Gingles* threshold factors, Plaintiff must identify a minority group that is sufficiently large and geographically compact to constitute a majority in a single-member district. *Harding*, 2020 WL 254827, at *3-4. Nowhere on the face of the Complaint, however, does Plaintiff claim he is a member of a minority group, much less a member of a specific, identified minority group. *See* Pl.'s Compl., ECD Doc. No. 1, *passim*. The Complaint does not identify any majority or minority group in any single-member voting district in McKinney, including District 1; rather, it offers a one-sentence, city-wide statistical breakdown of

population by ethnicity based on "current" numbers from the U.S. Census Bureau: 77% of McKinney residents are white, 18% are Hispanic or Latino, 11% are black, and six percent are Asian. *Id.* at ¶ 15. Further, the Complaint makes no claim about the racial make-up of District 1, nor does it allege that a history of Defendant's actions created a system that resulted in or maintained a discriminatory system of voter dilution. *See, e.g., Lopez,* 339 F.Supp.3d at 601 (evidence relevant to a determination of voter dilution based on race "must be made over time and over the course of many elections."). Consequently, the Complaint is fatally deficient under a *Gingles* analysis because it fails to adequately plead a cause of action under the first factor.

Plaintiff's case under *Gingles* and § 2 of the Voting Rights Act fares no better, however, upon examining the second and third factors. He makes no claim that any identified minority group or combination of minority groups, and certainly any such group to which Plaintiff belongs, is "politically cohesive," or that a majority group exists that, when it votes as a bloc, "defeats the minority's preferred candidate." *See Harding*, 2020 WL 254827, at *3; *Lopez,* 339 F.Supp.3d at 601. In short, Plaintiff's Complaint under *Gingles* fails to adequately plead a cause of action upon which relief can be granted.

But even if Plaintiff successfully pled the three *Gingles* threshold factors such that he might prove them at trial, he still must satisfy the second-tier "totality of the circumstances" test. *Gingles*, 478 U.S. at 37-38; *Harding*, 2020 WL 254827, at *3; *Lopez,* 339 F.Supp.3d at 601. Simply put, a plaintiff must prove, and therefore must plead, a cause of action and facts that allow a court to balance "a number of considerations to determine whether there is unlawful vote dilution under the totality of the circumstances." *Id.* at 602. Those factors include the history of official discrimination in voting, practices that enhance the potential for discrimination against minorities, the social, educational, and financial legacy of discrimination that hinders effective minority

participation in the political process, and whether the reasoning for imposing the challenged voting methodology is tenuous, among similar considerations. *Id.*

Plaintiff's Complaint is totally devoid of any material, relevant factual allegations that support a claim under *Gingles* or § 2 of the Voting Rights Act, and his pleadings are not sufficient to withstand dismissal. This Motion should be granted.

### C.      § 2 of the Voting Rights Act does not apply in recall election cases

But finally, a federal district court in Texas, in a case with remarkable similarities to the instant matter, expressly rejected the argument that § 2 of the Voting Rights Act applies to the recall petition process. In *McBride v. City of Jasper,* 2011 WL 13249480, at *8-10 (E.D. Tex. Oct. 20, 2011), a group of citizens initiated a recall election for Council members who had voted for the appointment of a new police chief. The recall procedures were provided by the city's charter, which allowed the city's qualified voters, on an at-large basis, to subject a city council member representing a single-member district to a recall election. *Id*. at *1.

Acknowledging that courts should interpret the Voting Rights Act "in a manner that provides the broadest possible scope," *id*. at *8, citing *Chisom v. Roemer*, 501 U.S. 391, 403 (1991), the court also cautioned that "for [§] 2 to apply, the challenged situation must constitute a qualification, prerequisite, standard, practice or procedure within the meaning of [§] 2." *McBride,* 2011 WL 13249480, at *8, citing *United States v. Brown*, 561 F.3d 420, 432 (5th Cir. 2009).

The court stated that courts generally were reluctant to apply the Voting Rights Act to the petition process, and noted three different circuit courts of appeals that have held the Act does not apply to voter-initiated petitions. *McBride,* 2011 WL 13249480, at *8-10; *Padilla v. Lever*, 463 F.3d 1046, 1050-53 (9th Cir. 2006); *Montero v. Meyer*, 861 F.2d 603, 607-09 (10th Cir. 1988); *Delgado v. Smith*, 861 F.2d 1489, 1492-93 (11th Cir. 1988). It then stated it was "unaware of any

court that has addressed whether a charter violates § 2 of [the Act] by allowing citizens, on an at large basis, to subject the elected representatives of a single-member district to a recall election, and Plaintiffs have failed to cite such a case." *McBride,* 2011 WL 13249480, at *8.

The court next considered a case decided by the Fifth Circuit, *Smith v. Winter*, 717 F.2d 191 (5th Cir.1983), which it concluded "has only suggested that 'allegations of improper conduct in the application of the recall process [would have to be liberally] construed to implicate rights arising under [§] 2.'" *McBride,* 2011 WL 13249480, at *8. The *Smith* court, notably, "considered the scope of the 'right to vote' within the meaning of [the Act] and concluded that it 'stops short of any absolute right to resist recall from office'"; rather, the "right[ ] to vote," it held, "[is] consummated and made effective in the election." *Id.* at *9; *Smith*, 717 F.2d at 199. The *McBride* court held that the plaintiffs' claim failed because "this issue is unresolved, especially in the Fifth Circuit." *McBride,* 2011 WL 13249480, at *10.

### D. Plaintiff cannot plead or prove a claim for injunctive relief under the Voting Rights Act based on Fifth Circuit precedent

As in this case, the *McBride* plaintiffs sought preliminary injunctive relief; however, the court denied that request, noting that injunctive relief is an extraordinary and drastic remedy, and the movant has the burden, by a clear showing, to establish (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest. *Id.* at *5, citing *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

The court determined that the plaintiffs were unable to establish the first of the four bases for awarding injunctive relief, *i.e.*, a substantial likelihood of success on the merits, given the *Smith* decision, which suggested that the Voting Rights Act does not apply to recall procedures. *McBride,*

2011 WL 13249480, at *10; *Smith*, 717 F.2d at 199. The same logic applies here, as the Complaint does not allege, and Plaintiff therefore cannot show, that he can establish a substantial likelihood of success on the merits. As the *McBride* court held in denying the plaintiffs' requested injunctive relief based on that first prong, "Plaintiffs have not cited, nor can the court find, any decision in which other plaintiffs have prevailed on arguments remotely similar to those asserted in the present case." *McBride,* 2011 WL 13249480, at *10-13.

Plaintiff has failed to state a claim that entitles him to the injunctive relief he has requested, and Defendant's Motion should be granted.

### E.        **Plaintiff should not be permitted to amend or replead his Complaint**

Customarily, the Court, in its discretion and in granting this Motion, could allow Plaintiff to replead a viable cause of action. Defendant urges the Court that it not permit Plaintiff to amend his Complaint.

A trial on Plaintiff's application for a permanent injunction, expedited at Plaintiff's request, is scheduled for March 30, 2020, now fewer than 45 days from today's date. Plaintiff filed his Complaint on January 20, 2020; the Court set a deadline of February 5, 2020, by which Plaintiff could amend his pleadings. Plaintiff has had the opportunity within the last two weeks to replead and he has either failed or elected not to do so. Allowing Plaintiff to replead his case puts Defendant at a critical disadvantage, given the time constraints on Plaintiff responding to this Motion and the Court ruling on it, filing an answer to an amended pleading, discovery, other case-dispositive motions, and other court-imposed deadlines. This disadvantage is further compounded by the fact that Plaintiff has not provided Defendant with the initial disclosures mandated by the Court's Scheduling Order, although Defendant has timely served Plaintiff with such disclosures as well as subsequent written discovery.

**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, AND BRIEF IN SUPPORT - Page 11**

## V. REQUEST FOR RELIEF

For the reasons stated above, Defendant City of McKinney, Texas, respectfully requests that the Court grant this Motion to Dismiss, dismissing all claims of Plaintiff Shemwell against it based on the pleading deficiencies of the Complaint and the lack of precedent cited by Plaintiff in support of his claims, and Fifth Circuit precedent that rejects his claims under the Voting Rights Act. Defendant also prays for any additional relief, general or special, at law or in equity, to which it may show itself to be entitled.

Respectfully submitted,

/s/ Kent S. Hofmeister
**Kent S. Hofmeister**
State Bar No. 09791700
khofmeister@bhlaw.net
**Robert F. Brown**
State Bar No. 03164725
rbrown@bhlaw.net

**BROWN & HOFMEISTER, L.L.P.**
740 East Campbell Road, Suite 800
Richardson, Texas 75081
(214) 747-6100 (Telephone)
(214) 747-6111 (Telecopier)

*Attorneys for Defendant*
*City of McKinney, Texas*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of February, 2020, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas, Plano Division, using the CM/ECF system, which will send notification of such filing to all counsel who have registered with the Court.

/s/ Kent S. Hofmeister
**Kent S. Hofmeister**