UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
PLANO DIVISION

| | |
|---|---|
| La'Shadion Shemwell, § <br> As Council Member, and § <br> In his individual capacity as a voter of § <br> District 1, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> City of McKinney, Texas, § <br> § <br> Defendant. § | Civil Action No. 4:20-cv-00043-SDJ |

### DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S EVIDENCE, INCLUDING EXPERT WITNESS EVIDENCE AND TESTIMONY, AND BRIEF IN SUPPORT

Defendant City of McKinney, Texas ("Defendant" or "City"), pursuant to the Federal Rules of Civil Procedure, this Court's January 31, 2020 Order Governing Proceedings, and this Court's February 3, 2020 Scheduling Order, files this Motion to Exclude Plaintiff's Evidence, Including Expert Witness Evidence and Testimony, and Brief in Support ("Motion"), and respectfully shows the Court as follows:

### I.   PROCEDURAL BACKGROUND

1. Plaintiff's Complaint[1] was filed on January 20, 2020. ECF Doc. No. 1. On January 21, 2020, the Court held a hearing on Plaintiff's motion for a temporary restraining order ("TRO"). ECF Doc. No. 3. At the hearing, Plaintiff voluntarily withdrew his motion for a TRO and the case was set for a preliminary injunction hearing on February 4, 2020. ECF Doc. No. 3.

---

[1] The caption of Plaintiff's initial pleading is Plaintiff's Original Verified Petition and Application for Temporary Restraining Order and Injunctive Relief; it will be referred to in this Motion as "Plaintiff's Complaint."

**DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S EVIDENCE, INCLUDING**
**EXPERT WITNESS EVIDENCE AND TESTIMONY, AND BRIEF IN SUPPORT -**            Page 1

2.   At Plaintiff's request, a telephone status conference was conducted on January 23, 2020. ECF Doc. Nos. 6, 7. During the conference, Plaintiff requested that the hearing on the preliminary injunction be vacated and that an expedited bench trial on Plaintiff's motion for a permanent injunction be set. The Court granted Plaintiff's motion, and set the permanent injunction hearing for March 30-31, 2020, the current trial setting. ECF Doc. No. 12 at 3.

3.   Following the telephone conference, the Court entered its January 23, 2020 Order Governing Proceedings, which set certain expedited deadlines for the parties, one of which was to complete and exchange initial mandatory disclosures by January 31, 2020. ECF Doc. No. 8 at 1.

4.   On February 3, 2020, the Court issued its Scheduling Order, which set various pretrial deadlines, including the following:

   a.   February 5, 2020 - deadline, previously agreed to by the parties, for Plaintiff to file any amended pleadings;

   b.   February 28, 2020 – deadline for disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) on issues for which the party bears the burden of proof; and

   c.   March 10, 2020 – deadline for "all discovery [to have been] commenced in time to be completed by this date."

ECF Doc. No. 12 at 1.

5.   Defendant timely served Plaintiff with its initial mandatory disclosures by the January 31, 2020, deadline. *See* ECF Doc. No. 13. Plaintiff requested and Defendant agreed to an extension of time, *i.e.*, on or before February 3, 2020, by which Plaintiff was to serve his initial mandatory disclosures on Defendant. Despite the agreed extension, however, Plaintiff failed to serve any disclosures on Defendant by that date. *See* ECF, *passim*.

6. Plaintiff failed or elected not to amend his Complaint by the February 5, 2020 deadline, and he did not seek the requisite leave of this Court for an extension of time within which to file an amended pleading. *See* ECF, *passim*.

7. On February 17, 2020, Defendant filed its Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim, and Brief in Support ("Motion to Dismiss"). ECF Doc. No. 14. That Motion to Dismiss is pending. ECD, *passim*. Under the Eastern District's Local Rules, Plaintiff had 14 days, or until March 2, 2020, by which to file a response to Defendant's Motion to Dismiss. *See* E.D. Loc. R. CV-7(e). Plaintiff, to date, has filed no response to Defendant's Motion. ECF, *passim*.

8. On Sunday evening, March 1, 2020, Plaintiff filed his First Amended Petition and Injunctive Relief (sic) ("Amended Complaint"). ECF Doc. No. 15. That filing was not accompanied by a motion for leave to file the amended pleading, *see* E.D. Loc. R. CV-7(k); ECF, *passim*; further, it came 24 days after the expiration of the Scheduling Order's deadline by which Plaintiff was to file an amended pleading and 29 days before the expedited trial setting of March 30, 2020. *See* ECF Doc. No. 12. On March 2, 2020, the Court Clerk entered a Notice of Deficiency regarding the Amended Complaint, noting that a motion for leave to amend was required. ECF Entry of 03/02/2020. Plaintiff has not filed a motion for leave to amend the Complaint to cure that deficiency. *See* ECD, *passim*.

9. On Sunday evening, March 1, 2020, Plaintiff's counsel forwarded to the undersigned two documents, the Initial Disclosures of Plaintiff La'Shadion Shemwell ("Plaintiff's Disclosures") and [Plaintiff's] First Request for Production of Documents to [Defendant] ("Plaintiff's Request for Production").

10. Plaintiff's Disclosures were served 31 days after the expiration of the Scheduling Order's deadline (and 28 days after the agreed upon deadline extension) by which Plaintiff was to serve such Disclosures on Defendant and 29 days before the expedited trial setting of March 30, 2020.

11. All written discovery with a 30-day response time, to comply with the Court's Scheduling Order, was to have been served no later than February 7, 2020. *See* ECD Doc. No. 12 at 1. Plaintiff's Request for Production was served 23 days after that date, and Defendant's response date would be March 31, the day after the trial setting.

12. On March 5, 2020, the Court issued its Order directing the parties to file a brief by March 9, 2020, specifically addressing whether good cause exists to modify the Court's scheduling order to allow a late amended pleading that Plaintiff has attempted to file, *see* Fed. R. Civ. P. 16(b), and scheduling a status hearing via teleconference to address that issue. ECF No. 16 at 1.

13. The Court's Scheduling Order provides that:

A party that fails to timely disclose any of the information required to be disclosed by order of this Court or by the Federal Rules of Procedure, will not, unless such failure is harmless, be permitted to use such evidence at trial, hearing or in support of a motion…

Failure to comply with relevant provisions of the Local Rules, the Federal Rules of Civil Procedure or this order may result in the exclusion of evidence at trial, the imposition of sanctions by the Court, or both.

ECF Doc. No. 12 at 3, 4.

14. The Court's Order Governing Proceedings provides that:

One week after disclosure of an expert is made - Deadline to object to any other party's expert witnesses. Objection shall be made as a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the Court with all the information necessary to make a ruling on any objection….

> A party that fails to timely disclose such information will not, unless such failure is harmless, be permitted to use such evidence at trial, at a hearing, or in support of a motion. A party is not excused from making its disclosures because it has not fully completed its investigation of the case.

ECD No. 8 at 4. One week after Plaintiff's deadline for disclosure of expert testimony is March 6, 2020.

## II.    ARGUMENT AND AUTHORITIES

Plaintiff filed his Complaint on January 20, 2020, and has specifically requested an expedited trial, with attendant truncated discovery and other pretrial deadlines, in which he seeks permanent injunctive relief. As set forth above, Plaintiff has missed more than a handful of court-imposed deadlines, deadlines that have deprived Defendant of timely access to necessary pretrial information, and Defendant requests that, if necessary, the Court address these issues.

### A.  Plaintiff's Failure to Respond to Defendant's Motion to Dismiss Warrants Dismissal of the Complaint

First, however, and of overriding consideration, the Court should not even have to rule on this Motion to Exclude because Defendant's pending Motion to Dismiss did not even merit a response from Plaintiff. Now four days past that due date, without a request or motion for enlargement of time within which to respond, and with a meritorious Motion before this Court, Plaintiff should have its case against Defendant dismissed with prejudice to the refiling of same. See, e.g.,

### B.  This Motion to Exclude Plaintiff's Evidence Should be Granted

Defendant's Motion to Dismiss notwithstanding, Plaintiff has failed to meet virtually every pretrial deadline this Court has set for the parties, and at no time has he filed a motion either for leave to file an amended pleading or for additional time within which to respond. ECF, *passim.* Defendant already agreed to three additional days for Plaintiff to serve his disclosures, and would

have reasonably considered other similar requests had they been made, but deadlines passed without any contact from Plaintiff. The deadlines missed include the following:

1. <u>January 31/February 3, 2020</u> – Failure to serve Plaintiff's initial disclosures (later served on March 1, 2020);

2. <u>February 5, 2020</u> – Failure to file amended pleadings (later attempted filing of Plaintiff's Amended Complaint on March 1, 2020, deemed deficient by the Court Clerk);

3. <u>February 28, 2020</u> – Failure to disclose expert(s') testimony and reports;

4. <u>March 2, 2020</u> – Failure to file a response to Defendant's Motion to Dismiss; and

5. <u>March 10, 2020</u> – Failure to serve discovery in time to be completed by this date (later served a request for production of documents on Defendant on March 1, 2020).

The failure by Plaintiff to meet these deadlines is not harmless to Defendant. Witnesses and documents have not been timely identified or produced in a case that not only seeks the extraordinary relief of disrupting a municipal election, but does so on an expedited basis. Plaintiff requested that this case move forward quickly; Defendant has met all deadlines while Plaintiff has not, and the parties are now but three weeks from a trial date.

The date of filing of this Motion is the day Defendant is to object to Plaintiff's expert witnesses; however, because Plaintiff has disclosed no experts, Defendant logically cannot object to a specific witness. Instead, Defendant asks this Court, if its Motion to Dismiss is not granted, to exclude all testimony or documentary evidence from any expert witness who may be proffered by Plaintiff at a later date, including at trial. Further, because Plaintiff's initial disclosures were served a month after they were due and only weeks before trial, Defendant also asks that any fact witness or documentary evidence Plaintiff might seek to offer or introduce at trial be excluded from consideration by this Court.

### III.     CONCLUSION

In accordance with the Court's Order Governing Proceedings and its Scheduling Order, and in the event Defendant's Motion to Dismiss is not granted, this Court should grant this Motion and exclude all evidence, testimonial and documentary, from the trial of this action. *See* ECF Nos. 8 and 12.

WHEREFORE, PREMISES CONSIDERED, Defendant City of McKinney, Texas, respectfully requests that this Court grant Defendant's Motion to Dismiss, or alternatively, grant this Motion to Exclude Plaintiff's Evidence, and for such other relief, general or special, at law or in equity, to which it may show itself to be entitled.

Respectfully submitted,

/s/ Kent S. Hofmeister
**Kent S. Hofmeister**
State Bar No. 09791700
khofmeister@bhlaw.net
**Robert F. Brown**
State Bar No. 03164725
rbrown@bhlaw.net

**BROWN & HOFMEISTER, L.L.P.**
740 East Campbell Road, Suite 800
Richardson, Texas 75081
(214) 747-6100 (Telephone)
(214) 747-6111 (Telecopier)

*Attorneys for Defendant*
*City of McKinney, Texas*

### CERTIFICATE OF CONFERENCE

I hereby certify that on this 6th day of March, 2020, I conferred with Plaintiff's counsel, Shayan Elahi, by telephone and the parties were not able to agree to the relief requested by this Motion.  It is therefore presented to the Court for determination.

/s/ Kent S. Hofmeister
**Kent S. Hofmeister**

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of March, 2020, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas, Plano Division, using the CM/ECF system, which will send notification of such filing to all counsel who have registered with the Court.

/s/ Kent S. Hofmeister
**Kent S. Hofmeister**