**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
PLANO DIVISION**

| | |
|---|---|
| La'Shadion Shemwell, § <br> As Council Member, and § <br> In his individual capacity as a voter of § <br> District 1, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> City of McKinney, Texas, § <br> § <br> Defendant. § | Civil Action No. 4:20-cv-00043-SDJ |

**DEFENDANT'S SUPPLEMENTAL BRIEF**

Defendant City of McKinney, Texas ("Defendant" or "City"), pursuant to this Court's March 5, 2020 Order ("Order"), respectfully shows the Court as follows:

## I. PROCEDURAL BACKGROUND[1]

Following Plaintiff's attempt to file an amended complaint nearly a month after the Court-imposed deadline for filing amended pleadings, the Court has directed each of the parties to address "whether there is good cause to modify the Court's scheduling order to allow" such a filing. *See* Order at 1. The Court cites *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003), for the proposition that "the 'good cause' standard 'requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension,'" and that there are four factors relevant to this inquiry:

> (1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the

---

[1] On March 6, 2020, Defendant filed its Motion to Exclude Plaintiff's Evidence, Including Expert Witness Evidence and Testimony, and Brief in Support. A chronology of the procedural background in this case, including deadlines missed by Plaintiff, appears at pages 1-6 of Defendant's Motion to Exclude (on March 1, 2020, the same date Plaintiff attempted to file his amended pleading, he also served his initial mandatory disclosures - 31 days after the deadline).

**DEFENDANT'S SUPPLEMENTAL BRIEF - Page 1**

[amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* at 546 (internal quotation marks omitted) (alterations in original) (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.,* 110 F.3d 253, 257 (5th Cir.1997).

## II. ARGUMENT AND AUTHORITIES

Plaintiff should not be allowed to amend his complaint because he cannot establish each requisite element of the *S&W Enterprises* test.

### A. Explanation for Plaintiff's failure to timely move for leave to amend

Defendant does not know why Plaintiff failed to meet the February 5 deadline to file his amended pleading, but he never filed a motion requesting additional time within which to make such a filing, nor did he ever file a motion for leave to amend. ECF, *passim.* He advised the Court at the January 21, 2020 hearing that he would amend his complaint, so he had more than two weeks to do so; but, he missed that deadline and did not attempt to amend his pleading, albeit unsuccessfully, *until 40 days later*.

### B. Importance of the amendment

Plaintiff must convince the Court that amendment of his Complaint is critical to his case; however, the greater the import of the amendment, the question must be asked: Why wasn't the amendment proposed earlier? It does not appear that critical information has come to Plaintiff's attention that was unavailable when the case was first filed fewer than two months ago.

### C. Potential prejudice to Defendant in allowing the amendment

This case is set to be tried ten weeks after it was filed, at Plaintiff's request. Four weeks before trial, Plaintiff sought to amend the claims of his Complaint, and it is now *three weeks before trial*. Defendant has a pending Rule 12(b)(6) Motion to Dismiss; Plaintiff's response date was March 2, 2020, and one week later no response has been filed. Defendant served interrogatories, a request for production of documents, and a set of requests for admission on Plaintiff on February

5, 2020. The responses to those discovery requests were due on March 6, 2020, and nothing has been served on Defendant as of this date. Allowing Plaintiff to amend his pleading would not allow sufficient time for additional written discovery, even assuming Plaintiff were to answer at all.

### D. Availability of a continuance to cure such prejudice

Defendant is prejudiced if the case is continued and the City must go forward with the May 2 election without a ruling that its ordinances and actions are constitutional. A post-election determination of unconstitutionality could seriously disrupt the workings of city government.

Plaintiff should not be allowed to amend his Complaint, his case should be dismissed, and the City's municipal election should be allowed to go forwarded unimpeded.

Respectfully submitted,

/s/ Kent S. Hofmeister
**Kent S. Hofmeister**
State Bar No. 09791700
khofmeister@bhlaw.net
**Robert F. Brown**
State Bar No. 03164725
rbrown@bhlaw.net

**BROWN & HOFMEISTER, L.L.P.**
740 East Campbell Road, Suite 800
Richardson, Texas 75081
(214) 747-6100 (Telephone)
(214) 747-6111 (Telecopier)

*Attorneys for Defendant*
*City of McKinney, Texas*

### CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of March, 2020, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas, Plano Division, using the CM/ECF system, which will send notification of such filing to all counsel who have registered with the Court.

/s/ Kent S. Hofmeister
**Kent S. Hofmeister**